

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN


GROVER SELLERS
ATTORNEY GENERAL

Honorable R. F. Robinson
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. O-5242
Re: Does the Commissioners'
Court of Willacy County have
the authority to use a portion
of the refund money referred
to herein for the extension
of the topping of the Red Fish
Bay Road?

We are in receipt of your several letters of
recent date, requesting our opinion on the question
stated above. From a careful reading of your several
letters we understand the facts to be as follows:

1. In the year 1928, the voters of Road
District No. 2 in Willacy County authorized the
issuance of bonds in the amount of $500,000.
The Commissioners Court appointed a committee
to locate and designate the roads to be improved.
This committee reported and its report was adopted
by the Commissioners' Court. The report contained
the following recommendation: "We would further
recommend that the balance of the road from San
Perlita to Red Fish Bay be topped with oil and
asphalt." This road was topped to a point approx-
imately four miles east of San Perlita and was
not topped further, the funds being exhausted.

2. In 1941, in order to repay the road
district for the State's share of the principal
and interest maturing from July 25, 1939 (the date
of designation of the highway) to November 13, 1941,
the sinking fund was credited by the Board of
County and District Road Indebtedness with a sum of
money, which should have been credited to the Lateral
Road Account of said Road District No. 2, as will
appear from the following letter from Honorable
Joe Nelson, Chief Accountant of the Board of County
and District Road Indebtedness:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. F. Robinson   Page 2

"On November 13, 1941, this Board approved a claim of Willacy County for $249,655.11 that was spent for the construction of U. S. Highway No. 81 from Raymondville East to San Perlita. This section of the road being in Road District No. 2.

"This highway was designated on July 25, 1939 and in order to repay the county for the State's share of the principal and interest maturing from July 25, 1939 to November 13, 1941, the sinking fund of Road District No. 2 was credited with $28,085.65 . The designation of this road was from Raymondville to San Perlita only and the section of the road from San Perlita to Red Fish Bay was not designated and is not now a part of the State Highway System.

"Paragraph "H" of Section 6, of the Bond Assumption Act, provides:
"' As soon as practicable after the passage of this Act and before the Lateral Road Account is allocated to the counties, the Board shall determine the amount each county and each defined road district has paid since January 1, 1933, under the provisions of Chapter 13, Acts of the Third Called Session of the Forty-second Legislature as amended, toward its debt service upon bonds which at the time of payment were eligible to participate in the County and Road District Highway Fund, and shall deduct from the amount paid by such county or defined road district any and all advancements made by the Board to such county or defined road district in adjusting, refunding, or prepaying the eligible obligations of such county or defined road district, and after making such deductions, the Board shall credit the Lateral Road Account of each county or defined road district with the net balance contributed by such county or road district toward the retirement of said eligible obligations and said funds so credited to any county or defined road district may be used or expended by the counties and defined road district for the purposes authorized in this section.'

"In view of this provision, it appears that the sinking funds of this road district was credited in error and these funds should have been credited to the Lateral Road Account of Road District No. 2."

3. You advise us that the county has a surplus of funds in the interest and sinking fund sufficient to pay approximately two years requirements in advance, and that all installments of interest and sinking fund to date have been paid.

Honorable R. P. Robinson    Page 3

4. You advise us that it is possible to obtain a very gainful contract to extend the Red Fish Bay road for several miles, provided any of this money which was returned to the district may be used for that purpose.

You request our opinion as to the authority of the Commissioners' Court to use a portion of this money for that purpose.

Replying to the above, you are advised that Article 6674q-7, Vernon's Annotated R.C.S. contains the following language:

"Any funds remaining in the Lateral Road Fund of any county after the payment of principal, interest and sinking fund requirements due or maturing in that fiscal year or bonds or warrants which were legally issued by such county or road district prior to January 2, 1939, the proceeds of which were actually expended in the construction or improvement of lateral county roads, may be used by the county under direction of the Commissioners' Court for any one or all of the following purposes:

"(a) For the acquisition of right-of-ways for county lateral roads and for the payment of legal obligations incurred therefor prior to Jan. 2, 1939;

"(b) For the construction or improvement of lateral roads;

"(c) For the purpose of supplementing funds appropriated by the United States Government for Works Progress Administration as may be made available to the counties of this State for county lateral road construction; and

"(d) For the purposes of cooperating with the State Highway Department and the Federal Government in the construction of farm-to-market roads. Provided, that where such funds are used for the construction or improvement of county lateral roads, such construction or improvement of county lateral roads shall be made under the supervision of a competent engineer."

Honorable R. Y. Robinson   Page 4

We quote further from said Article 6674q-7 as follows:

"In the event that the funds so received by the county from the Lateral Road Account are in excess of the amount required to meet the principal and interest of its maturing road bond obligations for the next fiscal year the Commissioners' Court may elect to use such excess money allocated to it from the Lateral Road Account, and in such event, it shall notify, in writing, the said Board, of its election to make use of said money."

It is our opinion that the Commissioners' Court may use a portion of this Lateral Road Fund for the extension of the topping of the Red Fish Bay road based upon the statement of facts as stated herein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          C. F. Gibson
            Assistant

CFG:ncd

OK
JA



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN